By the Court.*—J. F. Barnard, J.
This action was brought by the plaintiff to recover damages of the defendant for injuries done to the plaintiff’s horse by the carelessness and negligence of the defendant. When the plaintiff rested his case, the evidence established only that the plaintiff had loaned to the defendant the horse in question to be used for about an hour before a light wagon, and that the defendant had received the horse in good condition and returned the same lame. The defendant moved for a nonsuit on the ground that no negligence had been proved. The referee denied the motion. The defendant was then sworn as a witness, and it appeared by his testimony, and the testimony of another witness, that he attached the horse to his, the defendant’s, bread wagon, weighing, empty, about eight hundred pounds, with about three hundred pounds of bread, and in which were two men. That the horse was lame immediately or soon after starting. That notwithstanding such *275 visible lameness, the defendant continued to drive the horse for about five hours and a half.
The proof of plaintiff, alone, did not make out a cause of action. Negligence must be proved. In a ca^-e of this kind, .where the loan is gratuitous, the highest degree of care and skill is required in the use of the property loaned. Therefore, slight proof would have been sufficient ; but the plaintiff furnished none.
The defendant, however, supplied this proof; he saw the animal was lame soon after starting. The load was heavy, probably at least fourteen hundred pounds ; he used the horse in this condition for over four hours. It was not a prudent and careful treatment and use of plaintiff’ s property. It was sufficient to convert a harmless strain and injury into a permanent disability, such as the witnesses described to have been the condition of the horse at the time of the return to plaintiff.
The exceptions made by the defendant upon the trial were not worth taking. It is competent for any person acquainted with the value of property to give his opinion thereof. The fact of value can be proved by such evidence. The appearance and condition of the horse could be proved by any observing witness to the extent permitted on the trial. That the horse appeared lively, and did not show lameness before plaintiff delivered the same to the defendant, and that there was apparent excessive lameness and distress after the return, are facts not necessary to be proved by scientific witnesses.
The judgment should be affirmed, with costs.

 Present. Lott, Gilbert and J. P. Barnard, JJ.